**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
CASE NUMBER:** Case: 2:18−cv−01232-MBS

| | |
|---|---|
| Nationwide Mutual Fire Insurance Company,<br><br>                                              Plaintiff,<br>v.<br><br>Floyd Stanley, Jr. d/b/a Stanley's Vinyl Fence Designs, Complete Building Corporation, Palmetto Pointe at Peas Island Condominium Property Owners Association, Inc., and Jack Love, individually and on behalf of all others similarly situated),<br><br>                                              Defendants. | **COMPLAINT**<br>**(Declaratory Judgment)**<br>**(Non-Jury)** |

The Plaintiff seeks declaratory relief to determine the rights of the parties. Plaintiff, Nationwide Mutual Fire Insurance Company ("Nationwide"), complaining of the Defendants above-captioned, would respectfully allege and show as follows:

## JURISDICTION

1.      Nationwide is a corporation organized and existing under the laws of the State of Ohio with its principal place of business in Ohio; Nationwide is authorized to transact business and write insurance policy in the State of South Carolina.

2.      Upon information and belief, Defendant Floyd Stanley, Jr. d/b/a Stanley's Vinyl Fence Designs (hereinafter "Stanley") is a sole proprietorship under the laws of the State of South Carolina with its principal place of business in South Carolina.

3.      Upon information and belief, Defendant Complete Building Corporation is a corporation organized and existing under the laws of the State of South Carolina with its principal place of business in South Carolina.

1

4. Upon information and belief, Defendant Palmetto Pointe at Peas Island Condominium Property Owners Association, Inc. (hereinafter "Palmetto Pointe") is a non-profit corporation organized and existing under the laws of the State of South Carolina with its principal place of business in South Carolina. Palmetto Pointe is the owners association for the Palmetto Pointe at Peas Island Horizontal Property Regime.

5. Upon information and belief, Defendant Jack Love is an owner of a condominium unit at the Palmetto Pointe at Peas Island development located at 1651 Folly Creek Way. He is the class representative in underlying construction defect litigation involving Palmetto Pointe for which coverage under Nationwide's policies has been sought.

6. This action is brought under the provisions of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. and Rule 57, Fed. R. Civ. P.; there is a real and justiciable controversy between the parties, and by these proceedings Nationwide asks this Court to inquire into and declare the rights and obligations of the parties hereto arising out of the facts set forth below.

7. The amount in controversy exceeds Seventy-Five Thousand and No/100 ($75,000.00) Dollars, exclusive of interests and costs, and there is complete diversity of citizenship; therefore, this Court has jurisdiction to hear this matter under 28 U.S.C. §1332(a)(1).

## FACTUAL ALLEGATIONS

8. Nationwide issued policy number 61 AC 934-995-3001 to "Floyd W. Stanley d/b/a Stanley's Vinyl Fence Designs" (hereinafter "Stanley"). This policy was in effect from October 11, 2004 to October 11, 2005. The limits of coverage were $500,000 per occurrence and in the aggregate for products-completed operations. A certified copy of this policy is attached as Exhibit A.

9. Nationwide issued renewal policy number 61 AC 934-995-3001 to Stanley. This policy was in effect from October 11, 2005 through October 11, 2006. The limits of coverage were $500,000 per occurrence and in the aggregate for products-completed operations. A certified copy of this policy is attached as Exhibit B.

10. Nationwide issued renewal policy number 61 AC 934-995-3001 to Stanley. This policy was in effect from October 11, 2006 until it was cancelled effective February 10, 2007. The limits of coverage were $500,000 per occurrence and in the aggregate for products-completed operations. A certified copy of this policy is attached as Exhibit C.

11. The three policies issued by Nationwide to Stanley are hereinafter referred to collectively as "the Nationwide policies."

12. Complete Building Corporation is not listed in the Declarations as a named insured or an additional named insured in any of the Nationwide policies.

13. The Nationwide policies define "you" and "your" to refer only to the named insured shown in the Declarations, and any other person or organization qualifying as a named insured under the terms of the policy.

14. The Nationwide policies define "insured" to mean any person or organization qualifying as such under SECTION C. – WHO IS AN INSURED. Under Section C, only the named insured, its principals, and its employees qualify as insureds. The remaining provisions in Section C are not relevant under the facts of this case.

15. The Nationwide policies provided liability coverage for certain risks under the insuring agreements, and excluded certain risks through policy exclusions. Defendant Nationwide craves reference to the Nationwide policies for all of the terms, conditions, and provisions therein and incorporates them by reference herein.

16. The Nationwide policies only cover "property damage" caused by an "occurrence," as those terms are defined by the policies. The policies define "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." The policies define "property damage" as "[p]hysical injury to tangible property," including loss of use.

17. The 2004-05 and 2005-06 policies issued by Nationwide only apply to "property damage" that occurred during the policy period.

18. The 2006-07 policy issued by Nationwide, which took effect on October 11, 2006, contained Endorsement ACP-0123 (5-04), which provides in relevant part as follows:

<u>**CHANGES – INSURING AGREEMENT**</u>

This endorsement modifies insurance provided under the following:
CONTRACTORS POLICY

A. Paragraph 1.b. under **A. COVERAGES, BUSINESS LIABILITY** is replaced by the following:

   b. This insurance applies to "bodily injury" and "property damage" only if:

     (1) The "bodily injury" or "property damage" is caused by an "occurrence" . . . . and

     (2) The "bodily injury" or "property damage" first "manifests" during the policy period.

     (3) Prior to the policy period, no insured listed under Paragraph 1. of C. – Who is an Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

B. The following definition is added to **LIABILITY AND MEDICAL EXPENSES DEFINITIONS**:

4

"Manifests" means that the damage or injury is either:

a. Discovered by the insured or some other person; or

b. Reasonably should be discovered by the insured or some other person.

C. The following exclusion is added to **B. EXCLUSIONS 1., APPLICABLE TO BUSINESS LIABILITY COVERAGE**:

This insurance does not apply to:

"Bodily injury" and "property damage" which "manifests" prior to the inception of this policy or after termination of this policy.

19. The Nationwide policies define "employee" in Form ACP-0007 to include a "leased worker" but exclude a "temporary worker."

20. The Nationwide policies contain exclusion B.1.a., which provides in relevant part that "[t]his insurance does not apply to:

 a. 'Bodily injury' or 'property damage' expected or intended from the standpoint of the insured. . . . ."

21. The Nationwide policies contain exclusion B.1.b., which provides in relevant part that "[t]his insurance does not apply to:

 b. 'Bodily injury' or 'property damage' for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

 (1) Assumed in a contract or agreement that is an 'insured contract', provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement;

 (2) That the insured would have in the absence of the contract or agreement."

22. The Nationwide policies define "insured contract" as follows:

"'**Insured contract**' means:

* * *

  f. That part of any other contract or agreement pertaining to your business . . . under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in absence of any contract or agreement. . . . ."

  23. The Nationwide policies contain exclusion B.1.j., which provides in relevant part that "[t]his insurance does not apply to:

  j. 'Bodily injury,' 'property damage,' or 'personal and advertising injury' due to rendering or failure to render any professional service. This includes but is not limited to:

   (1) Preparing, approving, or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; and

   (2) Supervisory, inspection or engineering services."

  24. The Nationwide policies contain exclusion B.1.k., which provides in relevant part that "[t]his insurance does not apply to:

  k. 'Property damage' to:

* * *

   (5) That particular part of real property on which you or any contractor or subcontractor working directly or indirectly on your behalf are performing operations, if the 'property damage' arises out of those operations; or

   (6) That particular part of any property that must be restored, repaired, or replaced because 'your work' was incorrectly performed on it.

* * *

  Paragraph (6) of this exclusion does not apply to 'property damage' included in the 'products completed operations hazard.'"

6

25. The Nationwide policies define "your work" as follows:

"**Your work**" means:

a. Work or operations performed by you or on your behalf; and

b. Materials, parts or equipment furnished in connection with such work or operations.

"**Your Work**" includes:

a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

b. The providing of or failure to provide warnings or instructions.

26. The Nationwide policies define "products completed operations hazard" as follows:

a. "**Products-Completed Operations Hazard**" includes all "bodily injury" and "property damage" arising out of "your product" or "your work" except:

(1) Products that are still in your physical possession; or

(2) Work that has not yet been completed or abandoned. . . . .

b. "Your work" will be deemed completed at the earliest of the following times:

(1) When all of the work called for in your contract has been completed.

(2) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

(3) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed. . . . .

7

27. The Nationwide policies contain exclusion B.1.l., which provides in relevant part that "[t]his insurance does not apply to:

> l. 'Property damage' to 'your product' arising out of it or any part of it."

28. The Nationwide policies define "your product" as follows:

> "**Your Product**" means:
>
> a. Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:
>
>   (1) You;
>   (2) Others trading under your name; or
>   (3) A person or organization whose business or assets you have acquired; and
>
> b. Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.
>
> "**Your Products**" includes:
>
> a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product", and
>
> b. The providing of or failure to provide warnings or instructions.

29. The Nationwide policies contain exclusion B.1.m., which provides in relevant part that "[t]his insurance does not apply to:

> m. 'Property damage' to 'your work' arising out of it or any part of it and included in the 'products-completed operations hazard'.
>
> This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

8

30.     The Nationwide policies contain exclusion B.1.n., which provides in relevant part that "[t]his insurance does not apply to:

> n. 'Property damage' to 'impaired property' or property that has not been physically injured, arising out of:
>
> **(1)** A defect, deficiency, inadequacy or dangerous condition in 'your product' or 'your work'; or
>
> **(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.
>
> This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to 'your product' or 'your work' after it has been put to its intended use.

31.     The Nationwide policies define "impaired property" as follows:

> "**Impaired property**" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:
>
> a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or
>
> b. You have failed to fulfill the terms of a contract of agreement;
>
> if such property can be restored to use by:
>
> a. the repair, replacement, adjustment, or removal of "your product" or "your work;" or
>
> b. Your fulfilling the terms of the contract or agreement.

32.     The Nationwide policies contain exclusion B.1.o., which provides in relevant part that "[t]his insurance does not apply to:

> o. Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

9

> (1) 'Your product';
>
> (2) 'Your work'; or
>
> (3) 'Impaired property';
>
> if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

33. The Nationwide policies contain Endorsement Cas. 6217, which excludes coverage for damage caused by mold, mildew, and/or any other fungus or mycotoxin.

34. The Nationwide policies provide in Endorsement ACP-0005-A (7-00) under paragraph B. CHANGES that the terms of the policies can be amended or waived only by endorsement issued by Nationwide and made a part of the policies.

35. The Complaint in this action references an underlying tort action styled as <u>Palmetto Pointe at Peas Island Condominium Property Owners Association, Inc., *et al.* v. Island Pointe, LLC, *et al.*</u>, Civil Action No. 2015-CP-10-00955 (hereinafter "the underlying case"). A copy of the Second Amended Complaint, which was filed on November 2, 2017, is attached as Exhibit D.

36. The Second Amended Complaint alleges that Complete Building Corporation and/or Island Pointe, LLC were in the business of, among other things, constructing condominiums.

37. The Second Amended Complaint alleges that Stanley supplied and installed residential railings at Palmetto Pointe.

38. The Second Amended Complaint in the underlying case alleges that at the time the Certificates of Occupancy were issued, the Palmetto Pointe buildings contained latent building defects.

39. The Second Amended Complaint in the underlying case further alleges that inspections have revealed various construction defects that have caused damage to building components.

40. The Second Amended Complaint in the underlying case alleges that the alleged resulting consequential damages have been occurring since the completion of construction.

41. Upon information and belief, Stanley entered into a subcontract with Complete Building Corporation to perform work at Palmetto Pointe on or after November 16, 2006. The subcontract indicates that Complete Building Corporation's prime contract with the Owner is dated December 27, 2006.

## FOR A FIRST DECLARATION

42. The Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 41 as if fully set forth herein verbatim.

43. Some or all of the alleged damage in the underlying case does not constitute "property damage" caused by an "occurrence" as defined in the policy.

44. Nationwide has retained counsel to defend Stanley in the underlying case, it does not represent Stanley in the underlying case.

45. The underlying case was not made mandatory by the terms of the Nationwide policies.

46. Nationwide has no opportunity to raise the issue of allocation between covered and non-covered damages in the underlying case, or to seek a judicial declaration as to such an allocation in the underlying case. Ex Parte Gov't Employee's Ins. Co., 373 S.C. 132, 138-39, 644 S.E.2d 699, 702-03 (2007); Baker Hosp. v. Fireman's Fund Ins. Co., 314 S.C. 98, 101, 441 S.E.2d 822, 823 (1994) (citing Blue Cross and Blue Shield of S.C. v. S.C. Indus. Comm'n, 274 S.C. 204,

11

262 S.E.2d 35 (1980)).

47. Nationwide is in doubt as to the amount of the damages alleged in the underlying case are for "property damage" caused by an "occurrence," if any.

48. Therefore, Nationwide requests a declaration that the policy does not provide coverage to the extent the claims against Stanley in the underlying case are for defective work only, as opposed to "property damage" caused by an "occurrence."

## FOR A SECOND DECLARATION

49. The Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 48 as if fully set forth herein verbatim.

50. Liability for any alleged breaches of contract or warranty by the underlying defendants is not for tort liability which a liability policy is intended to cover.

51. Therefore, Nationwide is entitled to a declaration that the policy does not provide coverage for any alleged breaches of contract or warranty in the underlying case.

## FOR A THIRD DECLARATION

52. The Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 51 as if fully set forth herein verbatim.

53. Upon information and belief, the damage alleged by the plaintiffs in the underlying case did not "manifest" during the policy period as required by the Nationwide 2006-07 policy.

54. Nationwide is entitled to a declaration that the Nationwide 2006-07 policy does not provide coverage for the damages awarded in the underlying case because the alleged "property damage" did not "manifest" during the policy period.

## FOR A FOURTH DECLARATION

55. The Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 54 as if

fully set forth herein verbatim.

56. The Nationwide 2004-05 and 2005-06 policy only covers "property damage" that occurred during the policy period.

57. The Nationwide 2004-05 and 2005-06 policies expired before Stanley contracted to perform any work at Palmetto Pointe.

58. In the alternative that this Court refuses to enforce the "manifestation" provision, the Nationwide 2006-07 policy only covers "property damage" that occurred during the policy period.

59. Nationwide is entitled to a declaration that coverage does not exist under the 2004-05 and 2005-06 policies it issued to Stanley because no "property damage" occurred during these policy periods.

60. In the alternative that this Court refuses to enforce the "manifestation" provision in the policy, Nationwide requests a declaration that coverage under the 2006-07 policy only applies to "property damage" that can be shown to have occurred during that policy period.

## FOR A FIFTH DECLARATION

61. The Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 60 as if fully set forth herein verbatim.

62. The Nationwide policies exclude coverage for "property damage" expected or intended from the standpoint of the insured (exclusion B.1.a.).

63. Therefore, Nationwide requests a declaration that coverage does not exist to the extent the "property damage" alleged in the underlying case was expected or intended from the standpoint of the insured.

**FOR A SIXTH DECLARATION**

64.     The Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 63 as if fully set forth herein verbatim.

65.     Liability for any alleged property damage caused by Stanley work or operations that occurred prior to completion of its work is excluded by exclusions B.1.k.(5) and (6) in the Nationwide policies.

66.     Therefore, Nationwide requests a declaration that the Nationwide policies do not provide coverage for any alleged "property damage" that occurred prior to the completion of Stanley's work in the Underlying Case.

**FOR A SEVENTH DECLARATION**

67.     The Plaintiff repeats, re-alleges, and incorporates paragraphs 1 through 66 as if fully set forth herein verbatim.

68.     Liability for any alleged property damage caused by Stanley's work or operations to Stanley's work or operations that occurred after Stanley's work was completed is excluded by the "Your Work" exclusion (B.1.m.).

69.     Therefore, the Plaintiff is entitled to a declaration that the Nationwide policies do not provide coverage for any alleged damage to Stanley work alleged in the underlying case.

**FOR AN EIGHTH DECLARATION**

70.     Plaintiff repeats, re-alleges, and incorporates the preceding paragraphs as if fully set forth herein verbatim.

71.     The Nationwide policies exclude coverage for "property damage" to "your product" arising out of it or any part of it (exclusion B.1.l.).

72.     The Second Amended Complaint in the underlying case asserts a cause of action

for strict liability for defective products supplied by manufacturing and supply defendants.

73.  Nationwide requests a declaration that coverage does not exist for any "property damage" to Stanley's products alleged in the underlying case.

## FOR A NINTH DECLARATION

74.  Nationwide repeats, re-alleges, and incorporates paragraphs 1 through 73 as if fully set forth herein verbatim.

75.  The Nationwide policies exclude coverage for "impaired property" or property that has not been physically injured caused by defects in the insured's work or failure of the insured to properly complete the work called for in a contract (exclusion B.1.n.).

76.  Nationwide requests a declaration that coverage does not exist for "property damage" to "impaired property" or property that was not physically injured that arose out of defects in the Stanley's work or his failure of to properly complete the work called for in the contract(s) alleged in the underlying case.

## FOR A TENTH DECLARATION

77.  Nationwide repeats, re-alleges, and incorporates paragraphs 1 through 76 as if fully set forth herein verbatim.

78.  The Nationwide policies exclude coverage for "property damage" to the insured's product or work if it is recalled from use due to a defect in it (exclusion B.1.o.).

79.  Nationwide requests a declaration that coverage does not exist to the extent the claims against Stanley in the underlying case are excluded by exclusion B.1.o.

## FOR AN ELEVENTH DECLARATION

80.  Nationwide repeats, re-alleges, and incorporates paragraphs 1 through 79 as if fully set forth herein verbatim.

81. The Nationwide policies exclude coverage for "property damage" due to rendering or failure to render any of the specified professional services (exclusion B.1.j.).

82. Nationwide requests a declaration that coverage does not exist for any professional liability claim asserted against Stanley to the extent exclusion B.1.j. applies.

### FOR A TWELFTH DECLARATION

83. Nationwide repeats, re-alleges, and incorporates paragraphs 1 through 82 as if fully set forth herein verbatim.

84. Any damage caused by or related to mold or mildew is excluded under the policy.

85. Nationwide requests a declaration that any mold, mildew, or fungus damage in the underlying case is not covered.

### FOR A THIRTEENTH DECLARATION

86. Nationwide repeats, re-alleges, and incorporates paragraphs 1 through 85 as if fully set forth herein verbatim.

87. The Nationwide policies exclude coverage for liability assumed by contract, with the exception of qualifying "insured contracts."

88. Nationwide requests a declaration that coverage for any liability Stanley assumed by non-qualifying contracts is excluded.

89. Nationwide also requests a declaration that coverage for any liability Stanley assumed by contract is limited, excluded, or otherwise non-existent under other policy provisions for the reasons set forth herein.

### FOR A FOURTEENTH DECLARATION

90. Nationwide repeats, re-alleges, and incorporates paragraphs 1 through 89 as if fully set forth herein verbatim.

91. Nationwide requests a declaration that Complete Building Corporation is not an insured under any of the Nationwide policies.

92. Nationwide requests a declaration that no defendant in the underlying case other than Stanley is an insured under any of the Nationwide policies.

WHEREFORE, Plaintiff requests that this honorable Court inquire into these matters and declare that the Nationwide policies do not provide coverage (and/or coverage is limited as set forth above) for the damages alleged to have been caused by the acts Stanley, and that therefore, Plaintiff does not owe Staley a defense or indemnification in the Underlying Case for the claims asserted them, together with its costs and disbursements incurred and such other and further relief as the Court may deem just and proper.

    Respectfully submitted,

    MURPHY & GRANTLAND, P.A.

    s/Timothy J. Newton
    J. R. Murphy, Esquire (Fed. I.D. #3119)
    Timothy J. Newton, Esquire (Fed. I.D. #9807)
    4406-B Forest Drive (29204)
    Post Office Box 6648
    Columbia, South Carolina 29260
    (803) 782-4100
    Attorneys for Plaintiff Nationwide Mutual Fire Insurance Company

Columbia, South Carolina
May 4, 2018